UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN BLAIR,

    Plaintiff,

v.                                      Case No: 8:16-cv-3529-T-30JSS

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,

    Defendant.
_____

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Remand (Dkt. 8) and Defendant's Response in Opposition (Dkt. 11). Upon review, the Court denies Plaintiff's motion.

## BACKGROUND

Plaintiff filed this action in Florida state court on November 17, 2016. That day, Plaintiff's counsel emailed Defendant's counsel a courtesy copy of the complaint. Defendant's counsel responded to the email and advised Plaintiff's counsel that his client had authorized him to accept service.

On November 23, 2016, Plaintiff's counsel emailed Defendant's counsel a copy of the complaint, summons, and a document entitled "Acceptance of Service." The document stated, "The undersigned counsel for Defendant, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, hereby accepts the service of the Summons and Complaint for PHILIPS ELECTRONICS NORTH AMERICA CORPORATION on this ___ day of

November, 2016." The document included several blank lines for Defendant's counsel to fill in, including one for the date that he accepted service and another for his signature. Defendant's counsel dated and signed the document on November 30, 2016.

On December 30, 2016, Defendant filed a notice of removal (Dkt. 1) based on diversity jurisdiction. Defendant alleged that the parties are diverse and the amount in controversy exceeds $75,000.

Plaintiff subsequently filed a motion to remand to state court. Plaintiff argues that Defendant's counsel accepted service on November 17, thereby making the December 17 the deadline for timely removal. Plaintiff argues that Defendant exceeded this deadline, so the Court must remand the case. Plaintiff does not otherwise dispute the existence of diversity jurisdiction.

## DISCUSSION

Pursuant to federal statute, a defendant shall file a notice of removal within thirty days "after the receipt, . . . through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Despite the possible implication of the statutory language, a defendant's mere receipt of the complaint unattended by any formal service does not trigger the defendant's timeline to remove a case from state court. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

Generally, to effect service, a plaintiff must personally serve the defendant with the summons and complaint. *See* Fla. Stat. § 48.031(1). However, a defendant may authorize an agent to accept service on its behalf. *See* Fla. R. Civ. P. 1.070(i)(2)(A). Authorizing an agent to accept service means just that—it does not waive the requirement of formal

service. The Florida Rules of Civil Procedure outline specific steps a plaintiff must take when asking a defendant to waive service. Fla. R. Civ. P. 1.070(i)(2).

In this case, Plaintiff argues that Defendant's counsel accepted service on Defendant's behalf on November 17 because that is the day Plaintiff emailed a courtesy copy of the complaint to Defendant's counsel. However, simply emailing a courtesy copy of the complaint is not sufficient to trigger the thirty-day removal timeline. *Murphy Bros.*, 526 U.S. 344 at 347-48. The timeline is not triggered until the defendant (or an agent) has been formally served or has waived service. *Id.* at 347-48, 350. Plaintiff provided no evidence that it formally served either Defendant or Defendant's counsel on November 17. Defendant's counsel's email stating that he was authorized to accept service did not waive Defendant's right to formal service, nor did it constitute an acceptance of service. The only proof of service before the Court is the Acceptance of Service (Dkt. 8-4). The clear language of this document indicates that Defendant's counsel accepted service on November 30. Therefore, the thirty-day removal timeline began on November 30, and Defendant timely filed for removal on December 30.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 8) is denied.

**DONE** and **ORDERED** in Tampa, Florida, on February 13, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record