**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STEVEN BLAIR,

    Plaintiff,

v.                                                                                    Case No: 8:16-cv-3529-T-30JSS

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION,

    Defendant.
_____

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Count III of Plaintiff's Complaint, or, in the Alternative, for a More Definite Statement (Doc. 5) and Plaintiff's Response in Opposition (Doc. 9). Defendant argues that Plaintiff did not adequately plead a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Upon review, the Court denies Defendant's motion.

**BACKGROUND**

Defendant Philips Electronics produces, markets, and sells Lifeline, a medical alert system. Generally speaking, Lifeline makes it easier for the elderly or disabled to obtain medical attention during an emergency like a fall. For example, instead of calling 911 or a loved one, the user can press a button to seek help. If the user purchases an additional feature called AutoAlert, then the user's device should automatically detect when he or she falls and call someone for help.

Plaintiff Stephen Blair's mother, Rosemary Blair, purchased Lifeline and the AutoAlert feature. On November 22, 2014, she suffered a fall that AutoAlert did not detect. She was rendered disabled on the floor for approximately twenty-four hours before Plaintiff discovered her. She died shortly thereafter.

Plaintiff is the personal representative of his mother's estate. On November 27, 2016, he filed a lawsuit against Defendant for the wrongful death of his mother. He alleged three causes of action—strict liability, negligence, and violation of the FDUTPA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint (or portion thereof) for failure to state a claim upon which relief can be granted. The court should not dismiss a claim pursuant to Rule 12(b)(6) unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984) (internal citation omitted).

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that offers only "formulaic recitation of the elements of a cause of action . . . without further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Instead, the complaint must provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

When a pleading is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," the court can order the plaintiff to plead a more definite statement of the claim. Fed. R. Civ. P. 12(e). The court should not do so if it would frustrate the concept of notice pleading. *See U.S. by Clark v. Georgia Power Co.*, 301 F. Supp. 538, 544 (N.D. Ga. 1969).

## DISCUSSION

Defendant argues that Plaintiff failed to state a claim under the FDUTPA. To state an FDUTPA claim, Plaintiff must plead three elements: (1) a deceptive act or unfair trade practice, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland,* 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). Defendant contends that Plaintiff did not adequately plead the first element because he did not allege any particular deceptive or unfair trade practice engaged in by Defendant and made only conclusory statements without stating how Defendant's practices are deceptive or unfair.

If Plaintiff made only a general allegation that Defendant engaged in deceptive or unfair practices, Defendant might be correct. Plaintiff did not. Instead, Plaintiff alleged two, specific advertising practices that he considers deceptive and/or unfair.[1] These include the following:

---

[1] As part of his FDUTPA claim, Plaintiff also alleged that Defendant claims to be the number one medical alert service in the United States (Compl. ¶ 38) and advertises that the AutoAlert feature is an excellent choice for those with a history, risk, or fear of falling (*id*. ¶ 37). However, Plaintiff did not allege that these claims are untrue, deceptive, or unfair. If Plaintiff intended to plead this, he will need to amend his Complaint to do so.

- Defendant markets its Lifeline products as capable of detecting greater than 95% of falls. (Compl. ¶¶ 10, 36.)
- Defendant misrepresents that undetectable falls can include a gradual slide from a seated position or wheelchair. (*Id.* at ¶¶ 11, 36, 39.)[2]

At this stage in the litigation, Plaintiff need not provide evidentiary support or even detailed information as to why he thinks these advertising practices are deceptive or unfair. He need only provide Defendant with notice of the practices he thinks are deceptive or unfair. He has done so. Furthermore, the Complaint indicates why Plaintiff believes these advertising practices are deceptive or unfair. He thinks they are misrepresentations, and he thinks this because his mother's Lifeline with AutoAlert did not detect the serious fall she suffered.

Because Plaintiff has provided Defendant with fair notice of what the FDUTPA claim is and the grounds upon which it rests, the Court will not dismiss Count III or require Plaintiff to prepare a more definite statement of this claim. That said, Plaintiff's FDUTPA claim will be limited to the two deceptive and/or unfair practices noted above.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count III of Plaintiff's Complaint, or, in the Alternative, for a More Definite Statement (Doc. 5) is denied.

---

[2] This allegation implies that Lifeline can detect a gradual slide from a seated position as a fall, and Defendant misrepresented this fact by claiming that it cannot. Plaintiff may not have intended to plead this. If that is the case, Plaintiff may want to request leave to amend his Complaint.

2. Defendant shall file an answer to Count III within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on February 28th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record